Reese J.
delivered the opinion of the court.
In 1818, Wm. Brady bought of Doctor John Shelby, a horse with a view to enter upon the military service of the U. States, on account of which he afterwards gave to Doctor Shelby a note of this tenor, “I promise to deliver the holder of this paper a claim on the United States for a horse lost on the Seminole campaign, to be valued at $150.” This note by delivery, passed from Shelby to Houston and from Houston to Geo. A. Bedford. The last named person proposed to let the complainant have it, but he said he would prefer to have the claim or certificate itself, whereupon George A. Bedford surrendered to Brady the note, and gave to complainant an order upon Brady for a claim or certificate for the amount of $150.
Some time in the spring of 1826, the defendant placed in the hands of complainant, five several claims or certificates for property lost in the service of the United States, two for $200,one for $150,onefor$125, andonefor$80, in order that he might collect them from the government, for which purpose a power of attorney was given by the defendant to com *354 plainant, upon which the order from George A. Bedford to defendant was given up to the latter by the complainant, who alleges in his bill that he was to have for his claim a lien on all the certificates, and to pay himself the $150, and the balance if collected to defendant.
Defendant in his answer denies this statement, but avers that the specific claim or certificate of $150, was given in payment of the note or order. Afterwards the complainant saving filed in the proper department the claims of defendant, the defendant himself obtained from the government $400, for the certificates of $200 each, and the balance of the claims have never been allowed. The specific claim- or certificate for $150, which in his'answer defendant alleges was given in payment, was not for a lost horse, but for lost equipage, and it was disallowed according to the deposition of Peter liagner Esq., not only from defect of proof, but because the utmost allowed bylaw for lost equipage tvould not exceed^$38. According to the answer itself then, and the proof of Hagner, complamant on the ground of failure of consideration, would be entitled to recover, unless barred by the statute of limitations, or unless this court should want jurisdiction. The suit is not barred by the act of limitations, because the action at law might have been either indebitatus assumpsit or debt, and the six years' necessary to bar the latter had not elapsed from 1828, before the filing of this bill.
But secondly, also, a court of chancery has jurisdiction in this case upon the grounds set forth in the answer itself. The note and the order were both surrendered to defendant, and the $150 equipage certificate, as defendant alleges, given in payment. How, under such circumstances,, without the utmost difficulty and embarrassment, if at all, could complainant have maintained an action at law. The defendant had got up first the note, and then the order, and if it were true, that when delivering over to complainant four certificates to collect for him, he delivered to him a fifth, as payment for the note and order, that fact seems to have been exclusively known to defendant himself. So in any view of this case, either that presented in the bill, or that presented in the answer, a court pf equity has jurisdiction to give the relief in this Case sought.
*355 Let the decree be reversed, and let the complainant re- , n , . ... , - cover against defendant the $150, with interest thereon from-July 1826, until this time.
Decree reversed.